UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE ESTATE OF SYDNEY BURKE, DECEASED, BY AND THROUGH THE CO-ADMINISTRATORS OF HER ESTATE, JEFF P. BURKE AND PATRICIA M. BURKE 386 BENT TREE DRIVE AURORA, OHIO 44202 | CASE NO.: <br><br> JUDGE <br><br> **COMPLAINT** |
| and, | |
| JEFF P. BURKE 386 BENT TREE DRIVE AURORA, OHIO 44202 | |
| and, | |
| PATRICIA M. BURKE 386 BENT TREE DRIVE AURORA, OHIO 44202 | |
| and, | |
| GREGORY MICHAEL TRUMAN ON BEHALF OF RONALD JEFFERY LAWERANCE TRUMAN, A MINOR 386 BENT TREE DRIVE AURORA, OHIO 44202 | |
| Plaintiffs, | |
| vs. | |
| MANTUA-SHALERSVILLE FIRE DEPARTMENT 10303 STATE ROUTE 44 MANTUA, OHIO 44255 | |
| and, | |
| MANTUA-SHALERSVILLE FIRE DEPARTMENT FIREFIGHTERS 1-4, as Employees and Individually, also known as: | |

1

```
           Chief Matthew L. Roosa,     )
           Lieutenant Kenneth          )
           Justus,                     )
           Firefighter Tim Benner,     )
           and,                        )
           Firefighter Bill Byers.     )
                                       )
Serve at:                              )
10303 STATE ROUTE 44                   )
MANTUA, OHIO 44255                     )
                                       )
and,                                   )
                                       )
ROBERT BREYLEY                         )
18691 NELSON PARKMAN                   )
GARRETSVILLE, OHIO 44231               )
                                       )
and,                                   )
                                       )
KIMBERLY BREYLEY                       )
18961 NELSON PARKMAN                   )
GARRETSVILLE, OHIO 44231               )
                                       )
              Defendants.              )
                                       )
```

Now come Plaintiffs who, by and through their undersigned counsel, tender this Complaint against Defendants, hereby stating as follows:

## I. JURISDICTION

1. Jurisdiction over claims arising from Defendant, Mantua-Shalersville Fire Department's violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. § 1331.

2. Supplemental jurisdiction over Plaintiff's state law claims is conferred upon this Court by 28 U.S.C. § 1367.

## II. THE PARTIES

3. Jeff Burke, father of the decedent, Sydney Burke, is the appointed Administrator of the decedent's estate and has standing to bring this action on behalf of the estate. (Probate Court Letters of Authority attached hereto as Plaintiff's exhibit 1).

4. Gregory Michael Truman, father and natural guardian of Ronald Jeffery Truman, the decedent's minor child, and has standing to bring the following legal action(s) on the minor's behalf.

5. At all times relevant hereto, Plaintiffs Jeff and Patricia Burke (The Burkes), parents of the decedent, Sydney Burke, are residents of Portage County, Ohio and are Ohio citizens.

6. At all times relevant hereto, Defendant Mantua-Shalersville Fire Department (Fire Department) is a full-time/part-time paid fire department, unit of local government, and organized under the laws of the State of Ohio.

7. At all times relevant hereto, Defendants Chief Matthew L. Roosa, Lieutenant Kenneth Justus, Firefighter Tim Benner, and Firefighter Bill Byers were employed by the Defendant, Mantua-Shalersville Fire Department. They are being sued in their professional capacities as both an individual and/or employee of Mantua-Shalersville Fire Department.

8. At all times relevant hereto, Defendants Robert and Kimberly Breyley (The Breyleys) were the owners, lessors, and landlord of the home rented by the decedent located at 10735 Elm Street, City of Mantua, County of Portage, State of Ohio.

9. A structure fire at 10735 Elm Street led to the death of Sydney Burke, age 22, on April 09, 2011.

### III. FACTS

10. In the early morning hours of April 09, 2011, a structure fire broke out at 10735 Elm Street.

11. Mantua-Shalerville Fire Department was dispatched to the fire to execute firefighting and rescue efforts. The Fire Department arrived on the scene at approximately 6:12 a.m.

12. Through dispatch calls and upon arrival at the fire, the Fire Department was immediately made aware that the decedent, Sydney Burke was trapped in her room at the Elm Street home. In fact, Sydney Burke made a frantic 911 call advising that she was trapped in her room, and pleaded for immediate rescue efforts. In addition, Sydney Burke's roommate, a houseguest of her roomate's, and multiple bystanders made 911 call advising the Fire Department that there was someone still in the house.

4

13. Upon arrival at the scene of the fire, a video recording was taken by Mantua-Shalerville Fire Department personnel. From that video, approximate times of the Fire Department's actions are derived.

14. At about 6:13 a.m., the Fire Department began to fight the fire with water.

15. By approximately 6:16 a.m., the fire had darkened and was non-life-threatening for firefighters to enter the structure and execute search and rescue efforts.

16. By approximately 6:33 a.m., fire fighters were inside the structure, but no rescue orders had been given, and no rescue efforts had been executed.

17. At approximately 6:51 a.m. – nearly forty (40) minutes after the Fire Department First arrived on the scene – Sydney Burke's body was reportedly found by firefighters.

18. The Fire Department knew, en-route and upon arrival that someone was trapped in the home.

19. Upon arrival, the Fire Department failed to establish any type of command.

20. The Fire Department failed to muster a crew and attempt any rescue of Sydney Burke in an accepted or reasonable manner.

21. Upon the fire darkening at approximately 6:16 a.m., the Fire Department failed to immediately enter the

structure and attempt rescue efforts for the known victim trapped inside the residence. Most of the Fire Department's efforts were directed at extinguishing the fire, and fire crews were observed working in a lackadaisical manner without fervor and aggressiveness that reasonable and prudent firefighters would have demonstrated knowing that a victim remained inside the structure.

22. Upon locating the body of Sydney Burke, the firefighter failed to immediately remove her body and/or attempt any life-saving efforts.

23. The Fire Department failed to provide adequate training to its firefighters in the areas of Incident Command, Building Construction, and Search. This failure to train is a systematic deficiency within the Fire Department's administration.

24. Despite requests, the property's landlords, Defendants Robert and Kimberly Breyley failed to install any smoke detectors in the Elm Street property despite their assurances that the smoke detectors would be installed, "[t]he next day".

25. Despite immediate, written requests of Plaintiffs' counsel to maintain the Elm Street residence for inspection in anticipation of this litigation, Defendants Robert and

Kimberly Breyley allowed the Elm Street property to be demolished.

### IV. COUNT I

26. Plaintiffs reallege and reaver each and every allegation contained in the preceding paragraphs of this Complaint as if fully rewritten herein.

27. Defendant Firefighters 1-4, individually and/or as employees of the Mantua-Shalersville Fire Department preformed their professional firefighting duties in a reckless, willful, and/or wanton manner through their actions and/or omissions.

28. As a direct and proximate result of the reckless, willful, and/or wanton actions and/or omissions of the Fire Department's Firefighters, individually and/or as employees of the Mantua-Shalersville Fire Department, the Plaintiffs sustained substantial damages, including but not limited to the conscious pain and suffering and ultimately the death of Sydney Burke.

### V. COUNT II

29. Plaintiffs reallege and reaver each and every allegation contained in the preceding paragraphs of this Complaint as if fully rewritten herein.

30. Defendant Mantua-Shalersville Fire Department hires, supervises, trains, and retains individual firefighters to perform professional firefighting services.

31. At all times relevant hereto, Defendant Mantua-Shalersville Fire Department hired each of the individual firefighters who performed fire-extinguishing services at the Elm Street residence on April 09, 2011.

32. Further, Defendant Mantua-Shalersville Fire Department knew or should have known that the individual firefighters dispatched to the Elm Street residence did not possess the necessary and/or requisite training and/or skills required to extinguish the fire and execute search and rescue efforts for Sydney Burke.

33. As a direct and proximate result of the reckless, willful, and/or wanton actions and/or omissions of the Fire Department, the Plaintiffs sustained substantial damages, including but not limited to the conscious pain and suffering and ultimately the death of Sydney Burke.

### VI. COUNT III

34. Plaintiffs reallege and reaver each and every allegation contained in the preceding paragraphs of this Complaint as if fully rewritten herein.

35. Defendant Mantua-Shalersville Fire Department, while acting under color of state law, exhibited a systematic and

persistent failure in its hiring, training, supervision, and retention of firefighters. These acts and/or omissions deprived Sydney Burke, Jeff Burke, Patricia Burke, and Ronald Jeffery Truman of their rights and liberties secured by the Fourteenth Amendment to the United States Constitution in violation of 42. U.S.C. § 1983.

36. As a direct and proximate result of the reckless, willful, and/or wanton actions and/or omissions of the Fire Department, the Plaintiffs sustained substantial damages, including but not limited to the conscious pain and suffering and ultimately the death of Sydney Burke.

### VII. COUNT IV

37. Plaintiffs reallege and reaver each and every allegation contained in the preceding paragraphs of this Complaint as if fully rewritten herein.

38. Defendants Robert and Kimberly Breyleys, owners of and landlords to the tenants of the Elm Street home, failed to maintain the Elm Street premises. Their failure included not installing any smoke detectors despite requests to do so.

39. As a direct and proximate result of the negligent actions and/or omissions of the Defendant Breyleys, the Plaintiffs sustained substantial damages, including but not

limited to the conscious pain and suffering and ultimately the death of Sydney Burke.

### VIII. COUNT V

40. Plaintiffs reallege and reaver each and every allegation contained in the preceding paragraphs of this Complaint as if fully rewritten herein.

41. Despite requests of Plaintiffs' counsel, Defendants Breyleys willfully destroyed evidence related to the investigation of this matter thereby disrupting the Plaintiffs' abilities to pursue and present their claims.

### IX. COUNT VI

42. Plaintiffs reallege and reaver each and every allegation contained in the preceding paragraphs of this Complaint as if fully rewritten herein.

43. At all times relevant hereto, Plaintiffs Jeff and Patricia Burke were the natural parents of the decedent, Sydney Burke.

44. As a direct and proximate result of the negligent and reckless, willful and/or wanton action and/or omissions of the Defendants, The Burke's have lost the love, consortium, companionship, and services of their daughter, Sydney Burke.

## X. COUNT VII

45. Plaintiffs reallege and reaver each and every allegation contained in the preceding paragraphs of this Complaint as if fully rewritten herein.

46. As a direct and proximate result of extreme and outrageous conduct of the Defendants, The Burkes have incurred medical, funeral, and other related economic damages and have suffered, and with reasonable certainty will continue to suffer from great emotional pain and mental anguish.

## XI. COUNT VIII

47. Plaintiffs reallege and reaver each and every allegation contained in the preceding paragraphs of this Complaint as if fully rewritten herein.

48. At all times relative Ronald Jeffery Truman was the 22 month-old son of the decedent, Sydney Burke.

49. As a direct and proximate result of the negligent and reckless, willful and/or wanton action and/or omissions of the Defendants, Plaintiff, Ronald Jeffery Truman has lost the love, services, companionship, and consortium of his mother and has suffered and, with reasonable certainty, will continue to suffer great emotional pain and mental anguish.

## XII. <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiffs request this Court to award them:

A. Compensatory damages against all Defendants in an amount to be shown at trial.

B. Punitive damages against The Breyleys in an amount to be shown at trial.

C. Reasonable attorney fees.

D. Prejudgment interest.

E. Costs incurred in this action.

F. Such other relief as the Court may deem just and proper.

Respectfully Submitted,

_____
Robert A. Pecchio, Esq. (0025282)
**THE LAW OFFICES OF THE
ROBERT A. PECCHIO CO., L.P.A.**
2305 E. Aurora Rd., Suite A-1
Twinsburg, Ohio 44087-1940
Phone: (330) 963-6600
Fax: (330) 963-6650
rpecchio@pecchiolawfirm.com

*Attorney for Plaintiffs*

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury of all issues triable by a jury.

Respectfully Submitted,

_____
Robert A. Pecchio, Esq. (0025282)