UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF SYDNEY BURKE, et al. ) | CASE NO. 5:13CV761 | |
| ) | | |
| PLAINTIFFS, ) | JUDGE SARA LIOI | |
| ) | | |
| vs. ) | | |
| ) | | |
| MANTUA-SHALERSVILLE FIRE ) | **MEMORANDUM OPINION** | |
| DEPT., et al., ) | **AND ORDER** | |
| ) | | |
| DEFENDANTS. ) | | |
| ) | | |

Before the Court is defendants' motion in limine seeking an order prohibiting plaintiffs' expert, John Coleman, from rendering certain testimony or opinions. (Doc. No. 60.) Plaintiffs filed a memorandum in opposition (Doc. No. 64) and defendants filed a reply (Doc. No. 66). The expert report challenged by defendants was supplied by plaintiffs on July 1, 2014. A copy is attached to plaintiffs' opposition to the motion in limine. (Doc. No. 64-1.) Defendants assert that the expert opines that defendants (1) acted recklessly, wantonly, with malicious purpose, and in bad faith; and (2) violated Ohio laws that are not applicable to this case (specifically OAC 4123:1-21-07). For the reasons set forth herein, defendants' motion is **GRANTED**.

Part 5 of the expert's report (beginning at Doc. No. 64-1 at 1618) contains fifteen "conclusions." The first of those conclusions states that the defendant fire department acted "in a wanton manner" and the remaining fourteen conclusions state that various defendants acted "in a wanton and reckless manner[.]"

Defendants argue that these "conclusions" are aimed at avoiding political subdivision immunity afforded to defendants when injury, death or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources, unless the judgment was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner. Ohio Rev. Code § 2744.03(A)(5).

Defendants assert that experts are prohibited from rendering the kind of opinions as to state of mind or culpability that are contained in the conclusions of Coleman's report. Defendants further assert that an opinion that conduct was reckless or wanton does not satisfy any of the requirements of Fed. R. Evid. 702. Defendants are correct.

"Although an expert's opinion may 'embrace[ ] an ultimate issue to be decided by the trier of fact[,]' the issue embraced must be a factual one." *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994) (quoting Fed. R. Evid. 704(a)) (alterations in original). In *Berry*, the court determined that, although an "expert can testify, if a proper foundation is laid, that the discipline in the Detroit Police Department was lax[ ] [and] regarding what he believed to be the consequence of lax discipline[,] [h]e may not testify [ ] that the lax discipline policies of the Detroit Police Department indicated that the City was *deliberately indifferent* to the welfare of its citizens." *Id.* (emphasis in original); *see also Cutlip v. City of Toledo*, 488 F. App'x 107, 121 (6th Cir. 2012) (concluding that "[the expert's] assertion that the police betrayed a conscious indifference to [a suicidal person's] life is an improper legal conclusion because it is an opinion 'that suggest[s] the answer to the ultimate issue or that give[s] the jury all the information from which it can draw inferences to the ultimate issue[]'") (quoting *Berry*, 25 F.3d at 1353).

Plaintiff's expert also asserts that OAC 4123:1-21-07 requires the use of an incident management system at all structure fires and creates a duty to third parties, such as plaintiffs' decedent. Defendants argue that this section of Ohio's administrative code is designed to protect the firefighters (and other governmental employees), not third parties, and, therefore, is inapplicable in this case. Whether or not that is true is a matter for another day. At this juncture, the question is whether it is appropriate for plaintiffs' expert to opine as to the applicability of any statute or regulation. The answer is "no," since this "invade[s] the province of the court to determine the applicable law and to instruct the jury as to that law." *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985).

To the extent set forth herein, defendants' motion in limine is **GRANTED**. Plaintiffs' expert, John Coleman, is prohibited from rendering any testimony or opinions regarding (1) whether any of the defendants acted recklessly, wantonly, with malicious purpose, or in bad faith; and (2) whether OAC 4123:1-27-07 applies in this case.[1]

**IT IS SO ORDERED**.

Dated: November 24, 2014

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**

---

[1] In their opposition to the motion in limine, plaintiffs request leave to amend or redact the report of John Coleman, should the Court not deny the motion. (Doc. No. 64 at 1596.) The Court sees no need for such action as the Court will simply disregard any improper expert testimony as it undertakes its review of the dispositive motions.